**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>ERICA L. GARBATINI,<br><br>Debtor, | Case No. 18-51587<br>Chapter 7 |
| ALEX E. JONES, FREE SPEECH SYSTEMS, LLC, INFOWARS, LLC, INFOWARS HEALTH, LLC, and PRISON PLANET TV, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ERICA L. GARBATINI a/k/a Erica Lafferty,<br><br>Defendant. | Adv. Case No.<br><br>**COMPLAINT OBJECTING TO DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(A)(6)** |

Plaintiffs-Creditors Alex E. Jones, Free Speech Systems, LLC, Infowars, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (collectively "Plaintiffs") bring the following Complaint objecting to discharge of debt pursuant to 11 U.S.C. § 523(a)(6) against Defendant-Debtor Erica L. Garbatini a/k/a Erica Lafferty ("Defendant") and, in support of their Complaint, allege and state as follows:

**THE PARTIES**

1. Plaintiff-Creditor Alex E. Jones is a citizen of the State of Texas residing in Travis County, Texas.

2. Plaintiff-Creditor Free Speech Systems, LLC, is a Texas limited liability company with a principal place of business in Austin, Travis County, Texas.

3. Plaintiff-Creditor Infowars, LLC, is a Texas limited liability company with a principal place of business in Austin, Travis County, Texas.

4. Plaintiff-Creditor Infowars Health, LLC, is a Texas limited liability company with a principal place of business in Austin, Travis County, Texas.

5. Plaintiff-Creditor Prison Planet TV, LLC, is a Texas limited liability company with a principal place of business in Austin, Travis County, Texas.

6. Defendant-Debtor Erica L. Garbatini a/k/a Erica Lafferty is an individual who, on information and belief, resides in Watertown, Litchfield County, Connecticut.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this matter under 28 U.S.C. § 157 and 11 U.S.C. § 523. The claims for relief alleged in this complaint rise under Title 11 of the United States Code and are related to a case pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). The pending bankruptcy case to which the claims for relief alleged in this Complaint are related to <u>In re Erica L. Garbitini</u>, Bk Case No. 18-51587 (the "Garbatini Case").

8. The determination of dischargeability is a core proceeding under 28 U.S.C. § 157(b).

9. Pursuant to 28 U.S.C. § 1409, venue is proper in the District of Connecticut, because the Garbatini Case is pending in this district and division.

10. Defendant Erica L. Garbatini is a debtor in the Garbatini Case.

## FACTS COMMON TO ALL CLAIMS

11. At all relevant times herein, Plaintiff Alex Jones was the owner and member of Plaintiffs Free Speech Systems, LLC, Infowars, LLC, Infowars Health, LLC, and Prison Planet TV, LLC.

12. At all times relevant herein, Free Speech Systems, LLC, owned and operated the website at the Infowars.com and PrisonPlanetTV.com domains, and conducted business (including broadcasting and publishing radio and internet shows) under the trade name "Infowars".

13. At all times relevant herein, Infowars, LLC, Infowars Health, LLC, and Prison Planet TV, LLC, did not publish any content on any website and did not broadcast or otherwise disseminate radio or internet shows.

14. On or about May 23, 2018, Defendant initiated a Complaint against Plaintiffs and others in the Superior Court of the State of Connecticut in the Judicial District of Fairfield at Bridgeport, presently docketed as Case No. UWY-CV18-6046436-S in the Complex Litigation Docket at Waterbury, and styled as *Lafferty, et al. v. Jones, et al.* (the "State Court Case").

15. In the State Court Case, Defendant alleged five causes of action against Plaintiffs: 1) Invasion of Privacy by False Light; Civil Conspiracy; 2) Defamation and Defamation per se; Civil Conspiracy; 3) Intention Infliction of Emotional Distress; Civil Conspiracy; 4) Negligent Infliction of Emotional Distress; Civil Conspiracy; and 5) Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

16. Each of the five counts arose from alleged statements made or published on "Infowars" branded programming or website(s) by Alex Jones, state court defendant Wolfgang Halbig, employees or contractors of Free Speech Systems, LLC, and others.

17. The alleged statements were all on matters of public concern, namely the December 14, 2012, tragic murders of students and educators at Sandy Hook Elementary School (the "attack").

18. Immediately after the attack, politicians and lobbyists began to use it for political purposes.

19. The alleged statements at issue in the State Court Case questioned the official narrative of the attack, raising concerns as to official FBI statistics, denial of ordinary access to investigatory materials, broadcast irregularities, conflicting reports, and whether the attack was being used for political purposes. Because of the political abuse of the attack, some of the statements at issue questioned whether all or part of the official narrative of the attack was true.

20. Some politicians used the attack to portray themselves in the media (and at least once, apparently falsely so) as being there to comfort grieving families.

21. Politicians and lobbyists used the attack to promote gun control legislation and raise funds in support thereof.

22. Politicians and lobbyists used the attack to restrict the public's (including the media's) access to government records.

23. Defendant is the daughter of Dawn Hochsprung, the principal of Sandy Hook Elementary School who was killed in the attack.

24. Defendant used her status as a grieving family member to stump for Hillary Clinton in her presidential campaign, including speaking at the 2016 Democratic National Convention.

25. Defendant used her status as a grieving family member to pen a politically-charged, controversial letter, published in USA Today, to then President-Elect Donald Trump.

26. Prior to the commencement of the State Court Case, Mr. Jones publicly stated that he believed that the attack did occur as reported by the national news, notwithstanding his prior concerns.

27. Despite this public statement, Defendant nonetheless commenced litigation to spuriously claim damages over the alleged statements.

28. Defendant's claims against Plaintiffs in the State Court Case are without merit.

29. The First Amendment squarely protects the right of citizens to question official narratives of high-profile matters like the Gulf of Tonkin "incident", Operation Northwoods, MKUltra, the Iran-Contra affair, and the Tuskegee Study. The Sandy Hook attack is no less a matter of public concern.

30. Defendant commenced and prosecuted her claims against Plaintiffs in the State Court Case without probable cause.

31. Defendant commenced and prosecuted her claims against Plaintiffs in the State Court Case with a malicious intent unjustly to vex and trouble them.

32. The State Court Case is reasonably expected to terminate in Plaintiffs' favor.

33. Defendant's commencement and prosecution of her claims against Plaintiffs in the State Court Case, therefore, constitutes vexatious litigation under Conn. Gen. Stat. § 52-568.

34. As a proximate result of Defendant's vexatious litigation against Plaintiffs, Plaintiffs have incurred damages, including reasonable attorneys' fees and litigation expenses.

35. During the course of the State Court Case, Defendant has used that action to unjustly and unreasonably invade the business operations and finances of Plaintiffs.

36. Upon information and belief, Defendant intended to use the State Court Case to suppress and chill Plaintiffs' political speech, a purpose for which litigation is not designed.

37. Defendant's prosecution of the State Court Case therefore, constitutes an abuse of process.

38. As a proximate result of Defendant's abuse of process against Plaintiffs, Plaintiffs have incurred damages, including reasonable attorneys' fees and litigation expenses.

39. During the course of the State Court Case, Plaintiffs filed a Special Motion to Dismiss pursuant to Conn. Gen. Stat. § 52-196a (the Connecticut anti-SLAPP law).

40. That special motion to dismiss was terminated for reasons unrelated to the merits thereof.

41. At the time the motion was terminated, the State Court lacked subject matter jurisdiction over Defendant's claims.

42. As a result, the termination of the motion is reasonably expected to be vacated and Plaintiffs are reasonably expected to be prevailing parties entitled to recover reasonable attorneys' fees and litigation expenses.

43. As the State Court Case is otherwise reasonably expected to terminate in Plaintiffs' favor, they are entitled to recover taxable costs.

## COUNT ONE

## FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(A)(6) ARISING FROM VEXATIOUS LITIGATION, ABUSE OF PROCESS, AND VIOLATION OF THE CONNECTICUT ANTI-SLAPP LAW

44. Plaintiffs repeat and re-allege each of the foregoing paragraphs as if set forth fully herein.

45. As set forth above, in commencing and prosecuting the State Court Case against Plaintiffs, without probable cause, with a malicious intent unjustly to vex and trouble them, Defendant is liable to Plaintiffs for vexatious litigation under Conn. Gen. Stat. § 52-568

46. As set forth above, Defendant used the State Court Case action to unjustly and unreasonably invade the business operations and finances of Plaintiffs, with the intent to use the State Court Case to suppress and chill Plaintiffs' political speech, a purpose for which litigation is not designed, thereby abusing process against Plaintiffs.

47. As set forth above, the State Court Case was filed by Defendant against Plaintiffs based on their alleged exercise of free speech rights in connection with a matter of public concern without probable cause, constituting a SLAPP suit under Conn. Gen. Stat. § 52-196a.

48. Defendant's vexatious litigation, abuse of process, and filing of a SLAPP suit was willful.

49. Defendant's vexatious litigation, abuse of process, and filing of a SLAPP suit was malicious.

50. As a direct and proximate result of the foregoing, Plaintiffs have suffered damages not presently ascertained at trial, but believed to be at least $500,000.

51. In view of the foregoing, Plaintiffs therefore seek an order under 11 U.S.C. § 523(a)(6) determining that (1) Plaintiffs are entitled to actual, presumed, punitive, and other damages in an amount to be specifically determined at trial; and (2) that said liability is non-dischargeable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

(1) For actual, presumed, and punitive damages in an amount to be specifically determined at trial; and

(2) For costs, disbursements, fees, and interest as authorized by state and Federal Law and Rules;

(3) For a decree that all debts determined to be owing by Defendant to Plaintiffs which are the subject of this action are deemed and adjudicated to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); and

(4) For such other and additional remedies as the Court may deem just and proper.

Dated: September 13, 2021.

Respectfully submitted,
/s/ Jay M. Wolman
Jay M. Wolman – ct29129 of
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
P: 702-420-2001
F: 305-437-7662
ecf@randazza.com
*Counsel for Plaintiffs-Creditors Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, & Prison Planet TV, LLC*